IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBI LUBEN,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No. 3:21-cv-00263-TMB |

### ORDER RE: ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412

Bobbi Luben ("Plaintiff"), by and through her attorney, Maren Miller Bam, Esq., moves the Court for a total award of $22,366.38 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA") and $402.00 in costs for reimbursement of the filing fee. Specifically, Plaintiff requests $652.62 for three hours of work performed in 2021 and $20,625.76 for 89.1 hours of work performed in 2022. Additionally, Plaintiff requests $1,088.00 for 4.7 hours of work performed on Plaintiff's EAJA reply brief in 2023.[1]

Defendant, Kilolo Kijakazi (the "Commissioner"), filed a response opposing the request and asking the Court to reduce Plaintiff's request by 21.2 attorney hours and award no more than $16,370.79 for attorney hours, plus $402.00 in costs.[2] This matter is suitable for resolution without a hearing. Accordingly, and for the reasons that follow, Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 is **granted in part**.

---

[1] Docket 20 (Motion); Docket 21 (Memorandum); Docket 25 (Reply).

[2] Docket 24 (Response).

## I. BACKGROUND

Plaintiff initiated this action on December 6, 2021, after exhausting her administrative remedies.[3] The action was fully briefed by the parties.[4] The Court remanded the action to the Commissioner for further administrative proceedings.[5] Plaintiff filed the pending EAJA attorney fees motion on December 13, 2022,[6] and the Commissioner responded on January 10, 2023.[7] Plaintiff filed her reply on January 11, 2023.[8]

## II. LEGAL STANDARD

In any civil action brought by or against the United States, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[9] In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." Such a plaintiff is a prevailing party "even when the case has been remanded for further administrative action."[10] The fee applicant

---

[3] Docket 1 (Compl.).

[4] Docket 13 (Plaintiff's Br.) Docket 16 (Commissioner's Br.), Docket 17 (Reply).

[5] Docket 18 (Decision and Order), Docket 19 (Judgment).

[6] Docket 20, 21.

[7] Docket 24.

[8] Docket 25.

[9] 28 U.S.C. § 2412(d)(1)(A).

[10] *Akopyan v. Barnhart,* 296 F.3d 852, 854 (9th Cir. 2002) (internal citations omitted).

has the burden of establishing her entitlement to an award and documenting the appropriate hours expended,[11] and the United States has the burden of proving its position was "substantially justified" or that "special circumstances make an award unjust."[12] The Court applies the "lodestar" method to determine what constitutes a reasonable attorney's fee for civil rights cases.[13] "To calculate the lodestar amount, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate."[14]

### III. DISCUSSION

Here, the Commissioner concedes that Plaintiff is the prevailing party and is entitled to an award of attorney fees under the EAJA. The Commissioner also does not dispute the requested hourly rates.[15] However, the Commissioner opposes Plaintiff's petition for the following reasons: (1) Plaintiff's attorney time reviewing the record and preparing the opening brief was unreasonable; and (2) a deduction is necessary to account for billing in block format.[16]

---

[11] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), *superseded* on other grounds by the Prison Litigation Reform Act; *see also* 28 U.S.C. § 2412(d)(1)(B) (setting out prescriptions on what an applicant must show to receive award).

[12] 28 U.S.C. § 2412(d)(1).

[13] *Hensley,* 461 U.S. at 433.

[14] *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1135 (9th Cir. 2012) (internal citations and quotations omitted).

[15] Docket 24 at 2 n. 1. *See* United States Court for the Ninth Circuit, "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited January 19, 2023); *see also* Ninth Cir. R. 39-1.6 advisory committee's note.

[16] Docket 24 at 3–9.

### A. Time Spent Reviewing Record and Preparing Opening Brief

Although the Commissioner acknowledges that the administrative record was "longer than average" in this case, the Commissioner maintains that the time Plaintiff's counsel spent reviewing the administrative record and preparing the opening brief was excessive. Specifically, the Commissioner asserts that 43.7 hours of record review was unreasonable. The Commissioner also contends that Plaintiff failed to explain why Plaintiff's counsel spent 18.8 hours drafting a statement of facts that comprised of 22 pages, leaving only 10 pages for legal argument.[17] Plaintiff counters that expending 43.7 hours to review a record of over 7,100 pages is not unreasonable, as this amounts to a rate of approximately 22 seconds per page.[18] She asserts that the Commissioner failed to raise a specific argument regarding Plaintiff's 22-page statement of facts.[19]

The Commissioner also asserts that the issues involved in this case were routine and the hours Plaintiff's counsel expended were excessive, given her extensive experience as a social security litigator.[20] Plaintiff contends that "[a] detailed, concise statement of facts was central to Plaintiff's arguments and showing of harm. Plaintiff's efforts were focused on emphasizing the sheer volume of medical treatment ignored by the ALJ, without excessive description or redundancy."[21]

---

[17] Docket 24 at 5–6.

[18] Docket 25 at 5–7.

[19] Docket 25 at 7.

[20] Docket 24 at 8.

[21] Docket 25 at 8.

In general, courts should "defer to the winning lawyer's professional judgment as to how much time [she] was required to spend on the case." However, while the Ninth Circuit has rejected de facto policies limiting social security claimants to 20 to 40 hours of attorney time in routine cases, this is "the range most often requested and granted in social security cases."[22] At the same time, the Ninth Circuit has "question[ed] the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court."[23] This is particularly true for social security cases, which are "fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail."[24]

First, the Court recognizes that billing 92.1 attorney hours for an opening brief, reply, and an EAJA motion, is on the very high end of EAJA applications in Social Security cases. However, the medical record was over 7,000 pages in this case and Plaintiff's counsel asserts that she averaged 22 seconds per page reviewing the medical record.[25] The Court is persuaded that 22 seconds of review per page is reasonable.[26] Moreover,

---

[22] *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotations and citations omitted).

[23] *Costa,* 690 F.3d at 1136.

[24] *Patterson v. Apfel,* 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000).

[25] Docket 25 at 6–7. Other district courts in the Ninth Circuit consider the length of the medical record in evaluating EAJA attorney fee awards. *See e.g., Fischer v. Colvin,* Case No. 6:15-cv-00707-AA, 2016 WL 6908099 (D.Or. Nov. 21, 2016) (The court considered "the length of the record in relationship to the complexity of issues.").

[26] *See Camargo v. Comm'r of Soc. Sec.,* Case No. 2:17-cv-1733-DMC, 2021 WL 4065536, at *5 (Sept. 7, 2021) (finding a reasonable rate was one minute per page).

the ALJ's failure to consider and discuss much of the lengthy medical record was a key element in Plaintiff's briefing and the Court's analysis in its Decision and Order.[27]

The Commissioner also asserts that Plaintiff's award should be reduced because her counsel failed to explain spending 18.8 hours drafting a 22-page statement of facts.[28] The Court is not persuaded in this case. Plaintiff's counsel provided a detailed and thorough review of an extensive medical record that served as the basis for a well-reasoned legal argument.

However, keeping in mind that counsel "should exercise billing judgment to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary as a lawyer in private practice would do," the Court balks somewhat at Plaintiff counsel's overall billing hours.[29]

B.  Block Billing

Block billing is the practice of reporting multiple tasks in the same matter in a single block of time. It is an improper recording of time expended in a case because it is "more difficult to determine how much time was spent on particular activities."[30] Where time is billed in blocks, the Court may "simply reduce[ ] the fee to a reasonable amount."[31]

The Commissioner contends that Plaintiff's attorney fees should also be reduced because they are billed in "block format." Specifically, the Commissioner asserts that

---

[27] Docket 13 (Plaintiff's Br.), Docket 17 (Reply), Docket 18 (Decision and Order).

[28] Docket 24 at 6.

[29] *Costa*, 690 F.3d at 1135.

[30] *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir. 2007).

[31] *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir. 2000).

"[a]lthough Plaintiff's counsel described in detail her review and organization of notes on 4/26/22 and 5/2/22, she merely describes an additional four days of billed time from 4/27/22 to 5/1/22 (constituting 32.2 hours) as '[c]ontinue review' of the administrative record."[32] The Commissioner requests that Plaintiff's award for reviewing the administrative record and writing a brief be reduced by twenty-five percent (25%).[33]

Plaintiff counters that her attorney did not "lump multiple tasks" into single time entries. Specifically, Plaintiff's counsel asserts that her "itemization explains she ultimately organized notes of treatment by impairment, noted the chronological progression of worsening impairments, and singled out the evidence that ultimately did not give rise to harmful error to omit detailed summary and discussion of those records in the brief."[34]

The Court is not persuaded that the time entries specified by the Commissioner are block-billed, as they do not involve multiple tasks billed under a block of time. However, Plaintiff's counsel's entries from April 27, 2022 through May 1, 2022 (constituting 32.2 hours) are lacking in detail, recording only "continue review of administrative record."[35] While counsel "is not required to record in great detail how each minute of [her] time was expended . . . at least counsel should identify the general subject matter of [her] time expenditures."[36] Here, Plaintiff counsel's billing itemization regarding

---

[32] Docket 24 at 5.

[33] Docket 24 at 7.

[34] Docket 25 at 4.

[35] Docket 21-1.

[36] *Hensley v. Eckerhart,* 461 U.S. 424, 437 n.12 (1983), *superseded* on other grounds by the

her review of the administrative record was overly vague. This is significant; particularly because these entries consisted of 32.2 hours of the total billed time.

However, the Court is not persuaded that Plaintiff's fee request merits a twenty-five percent (25%) deduction, as proposed by the Commissioner.[37] Instead, the Court will exercise its discretion and reduce Plaintiff's requested hours by ten percent (10%).[38] For the reasons set forth below, the 10% "haircut" does not apply to Plaintiff's EAJA motion and reply.

C. Fees for Plaintiff's EAJA Motion and Reply

Awarding fees accrued in connection with a motion for attorney's fees is permissible, but "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."[39] Here, the Commissioner alleges, "[i]n this attorney's experience, most attorneys handle EAJA motions in Social Security cases in about an hour. Given Plaintiff's attorney's high volume of cases and ability to streamline the work, the Commissioner should not be paying an extra 0.8 hours in every EAJA case with Plaintiff's counsel."[40] Plaintiff contends that the Commissioner's claim is unsupported and contradicted by case law.[41]

---

Prison Litigation Reform Act.

[37] Docket 24 at 7.

[38] *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

[39] *Thompson v. Gomez,* 45 F.3d 365, 1367 (9th Cir. 1995) (emphasis in original) (citing *Hensley*, 461 U.S. at 437).

[40] Docket 24 at 8.

[41] Docket 25 at 10.

The Court is not persuaded that it should impose a one-hour time limit for preparing an EAJA motion. Moreover, keeping mindful of the general principal that that the "request for attorney's fees should not result in a second major litigation" and given that Plaintiff's counsel reduced her hours for preparing Plaintiff's EAJA reply from 9.2 hours to 4.7 hours, it is not necessary to reduce the fees associated with Plaintiff's EAJA motion and reply.[42]

In sum, the Court finds that Plaintiff is entitled to an award under the EAJA. Plaintiff's billed attorney time totals 96.8 hours (92.1 hours for Plaintiff's briefing and the EAJA motion and 4.7 hours for the EAJA reply). The Court is imposing a 10% "haircut" on Plaintiff's 2021 and 2022 attorney time, but not on the time spent preparing Plaintiff's EAJA motion and reply. Therefore, the 10% haircut is applied to 3.0 attorney hours in 2021 and 87.3 attorney hours in 2022.[43] As a result, Plaintiff is awarded **$587.36** (2.7 hours at $217.54) for 2021 and **$18,460.02** (78.57 hours at $234.95) for 2022.[44] Plaintiff is awarded **$1,527.18** (6.5 hours at $234.95) for the EAJA motion and reply. As a result, Plaintiff's total EAJA fee award is **$20,574.56**. The Court also recognizes Plaintiff's waiver of direct payment and assignment of EAJA to her counsel.

### III.     CONCLUSION

For the above stated reasons, the Court GRANTS IN PART Plaintiff's Motion for Attorney Fees, filed at Docket 21. Plaintiff is awarded a total of **$20,574.56** in EAJA fees

---

[42] *Hensley,* 461 U.S. at 437.

[43] This excludes the preparation of the EAJA motion (1.8 hours at $234.95 per hour) and the EAJA reply (4.7 hours at $234.95 per hour). Both were prepared in 2022. Dockets 21-1, 25-1.

[44] The Court calculated the 10% reduction as follows: 2.7 hours (3.0 − 0.3 = 2.7) and 78.57 (87.3 − 8.73 = 78.57).

and **$402.00** in costs. Pursuant to the EAJA and consistent with *Astrue v. Radliff*,[45] the Commissioner shall contact the Department of Treasury to determine if this award is subject to any offset. If the Department of Treasury verifies that Plaintiff does not owe a debt, the Commissioner shall honor Plaintiff's assignment of her EAJA award and pay the above amount directly to Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices. Whether the check is made payable to Plaintiff or to her attorney, the check shall be mailed to her counsel at:

Maren Miller Bam, Esq.
Salus Law, PLLC
8513 W. 9th Avenue
Kennewick, WA 99336

**IT IS SO ORDERED.**

DATED this 14th day of February, 2023 at Anchorage, Alaska.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[45] 560 U.S. 586 (2000).